AO 91 (Rev. 11/11) Criminal Complaint  AUSA Hanna Helwig (312) 469-6314

FILED
2/5/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>OJES CHACKO | CASE NUMBER: 126-cr-00054 |

# CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. From approximately in or around 2021, to approximately on or about November 2, 2022, in the Northern District of Illinois, Eastern Division, and elsewhere, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 371 | conspired with Individual A, Individual B, and with others unknown, to violate the laws of the United States, namely, entering into a marriage for the purpose of evading provisions of the immigration laws, namely, Title 8, United States Code, Section 1154, which provision restricts the availability of legal permanent resident status applied for on the basis of marriage to a United States citizen to those foreign nationals who have entered the marriage in good faith, in violation of Title 8, United States Code, Section 1325(c) |

This criminal complaint is based upon these facts:

  X   Continued on the attached sheet.

*Ana F. Brinson /by HKM*

ANA F. BRINSON
Special Agent
Homeland Security Investigations (HSI)

Pursuant to Fed. R. Crim. P. 4.1, this Complaint is presented by reliable electronic means. The above-named agent provided a sworn statement attesting to the truth of the Complaint and Affidavit by telephone.

Date: February 5, 2026       at 5:49 p.m.

*Heather K. McShain*
*Judge's signature*

City and state: Chicago, Illinois       HEATHER K. MCSHAIN, U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

## AFFIDAVIT

I, Ana F. Brinson, being duly sworn, state as follows:

1. I am a Special Agent with Homeland Security Investigations (HSI), and have been so employed since approximately April 2022. My current responsibilities include investigating criminal violations relating to illegal reentry of removed aliens, false statements, and unlawful acts related to firearms. Along with this, I work in conjunction with other law enforcement agencies reviewing cases involving aliens who are charged with or convicted of criminal offenses. I have received training concerning immigration laws, policies, and procedures, including those related to the reentry of previously deported aliens. I have participated in the execution of multiple federal search warrants. Prior to my tenure as a Special Agent, I worked with the United States Department of Homeland Security, Enforcement Removal Operations, as a deportation officer. As a deportation officer, I investigated violations of the immigration and nationality laws of the United States.

2. This affidavit is submitted in support of a criminal complaint alleging that OJES CHACKO has violated Title 18, United States Code, Section 371. Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint charging CHACKO with conspiring to enter into a marriage for the purpose of evading provisions of the immigration laws—namely, Title 8, United States Code, Section 1154, which provision restricts the availability

of legal permanent resident status applied for on the basis of marriage to a United States citizen to those foreign nationals who have entered the marriage in good faith—I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that the defendant committed the offense alleged in the complaint.

3. This affidavit is based on my personal knowledge; information provided to me by other law enforcement officers, governmental agencies, and individuals with knowledge of the events described below; and information obtained from public records and law enforcement database searches.

## FACTS SUPPORTING PROBABLE CAUSE

4. In summary and as detailed below, in a recorded interview on or about February 5, 2026, after waiving his *Miranda* rights, OJES CHACKO, a foreign national, admitted to entering into a fraudulent marriage on or about November 2, 2022, for the purpose of obtaining legal permanent resident status in the United States.

5. On or about February 4, 2026, CHACKO arrived at Chicago O'Hare International Airport on a flight from Dubai, United Arab Emirates, and was referred for a secondary inspection at the border. During a video and audio-recorded interview on February 5, 2026, federal agents provided CHACKO with a written advice of rights form and explained his rights to him orally. CHACKO agreed to waive his rights and signed the written waiver form at approximately 1:57 a.m. on February 5, 2026.

During the recorded interview, CHACKO stated the following in summary and in part:

    a.    CHACKO arrived in the United States in 2018 on an F1 student visa for the purpose of attending a university in Kansas but never attended the university. Instead, he worked at a gas station in Elmwood Park, Illinois, where he was paid in cash. He has lived in Elmwood Park since 2018.

    b.    In approximately 2021, CHACKO began seeking ways to gain lawful immigration status so that he could freely depart and re-enter the United States without immigration consequences.

    c.    Through customers at his workplace in Elmwood Park, Illinois, CHACKO learned of an individual who could facilitate his marriage to a U.S. citizen. He understood he would enter into the marriage solely to obtain lawful immigration status, not for love, intimacy, or the intent to live together.

    d.    To initiate the process, CHACKO had phone conversations from the Northern District of Illinois with Individual A, who was from his home state in India. CHACKO sent approximately $4,000 via a peer-to-peer payment service to Individual A.

    e.    On or about November 2, 2022, approximately three or four months after paying Individual A, CHACKO flew to New York and went to a location in Connecticut arranged by Individual A. There, he met his soon-to-be wife, Individual B, for the first time. Prior to this, CHACKO had never met or communicated with Individual B.

    f. On or about November 2, 2022, CHACKO and Individual B were married in a civil ceremony. Before and after the civil marriage ceremony, CHACKO and Individual B posed for photographs at the direction of Individual A. CHACKO believed the photographs were intended to make the marriage appear bona fide, though he knew it was not. CHACKO has not seen Individual B since on or about November 2, 2022.

    g. After obtaining a marriage license and certificate, CHACKO retained a New York attorney, arranged by Individual A, to initiate an adjustment of his immigration status based on his marriage to Individual B.

  6. According to U.S. Department of Homeland Security records, on or about February 9, 2019, CHACKO's F1 visa was terminated, and CHACKO began unlawfully residing in the United States.

  7. According to U.S. Citizenship and Immigration Services' (USCIS) records, on or about October 10, 2023, a law firm acting on CHACKO's behalf filed various forms with USCIS, including: Petition for Amerasian, Widow(er), or Special Immigrant (Form I-360); Application for Travel Document (Form I-131); Application for Employment Authorization (Form I-765); and Application to Register Permanent Residence or Adjust Status (Form I-485). All forms were submitted based on CHACKO's marriage to Individual B.

  8. On or about April 29, 2024, USCIS issued CHACKO a Notice of Action (Form I-797) approving employment authorization and granting him advance parole to enter and depart the United States.

9. On or about February 5, 2026, a border search of CHACKO's luggage and cell phone revealed, among other items, a certified copy of his marriage license and certificate to Individual B; a receipt from the Bridgeport, Connecticut Vital Statistics Department for the marriage license fee; receipts for payments to the law firm that filed the above-referenced forms with USCIS; and numerous photographs of the wedding ceremony with Individual B and the pre- and post-wedding photos directed by Individual A.

## CONCLUSION

10. Based on the foregoing, I respectfully submit that there is probable cause to believe that, from approximately in or around 2021, to approximately on or about November 2, 2022, in the Northern District of Illinois, Eastern Division, and elsewhere, OJES CHACKO did conspire to enter into a marriage for the purpose of evading provisions of the immigration laws, namely, Title 8, United States Code, Section 1154, which provision restricts the availability of legal permanent resident status applied for on the basis of marriage to a United States citizen to those foreign nationals who have entered the marriage in good faith, in violation of Title 8, United States Code, Section 1325(c), in violation of Title 18, United States Code, Section 371.

FURTHER AFFIANT SAYETH NOT.

*Ana F. Brinson /by HKM*
ANA F. BRINSON
Special Agent
Homeland Security Investigations (HSI)

SWORN TO AND AFFIRMED by telephone February 5, 2026. at 5:49 p.m.

*Heather K. McShain*
Honorable HEATHER K. MCSHAIN
United States Magistrate Judge